Dear Mr. McNeill:
This opinion letter is in response to your question asking:
 Does the Director of Revenue have the authority to select by competitive bid the depository bank for remittances from retailers of sales taxes where that bank holds such remittances between the time of receipt of such taxes by the Director, and the time those receipts are first identified and distributed between the State Treasurer (for State funds) and the Director's non-State accounts (for non-State funds)?
Retailers remit sales taxes to the Director of Revenue (hereinafter sometimes referred to as the "Director"). In the typical case, retailers tender a single check that includes payments for both state and local taxes, interest and penalties. The Director identifies the proper accounts for the remitted moneys and allocates the funds in accord with his findings.
At present, the Director credits each day's receipts to a "safekeeping" account and deposits the receipts in a bank. Overnight the State Computer System attempts to reconcile the sales tax returns and the receipts in order to determine what funds to credit to what account. On the day after receipt, the Director disposes of moneys in the safekeeping account in one of three ways. First, he tenders identified state moneys to the State Treasurer. Second, he tenders identified local moneys to the Director's appropriate local government account. Third, when he cannot determine how to divide a particular set of receipts, he credits the moneys to an "error-wrap" account.
Moneys may be credited to the error-wrap account for any of a variety of reasons. For example, the retailer may have miscomputed his taxes or aggregated taxes for two or more locations that have different tax rates. At such time as the Director can identify the proper recipient of moneys in the error-wrap account, he transfers money from that account to the Treasurer or to the appropriate local government account.
The powers of the Director and Treasurer are set forth in the Missouri Constitution and statutes. Accordingly, we must look to the Constitution and statutes of the State of Missouri to determine their respective powers.
In 1986, the people of the State of Missouri amended Article IV, Section 15 of the Missouri Constitution. The section now specifies that the Treasurer "shall be custodian of all state funds" and that the Director "shall take custody of and invest nonstate funds" (emphasis added). The section goes on to define the term "nonstate funds" as follows:
 As used in this section, the term "nonstate funds" shall include all taxes and fees imposed by political subdivisions and collected by the department of revenue; all taxes which are imposed by the state, collected by the department of revenue and distributed by the department of revenue to political subdivisions; and all other moneys which are hereafter designated as "nonstate funds" to be administered by the department of revenue.
The problem is what to do with the money the Director collects before he has determined whether the money is state funds or nonstate funds. The Director's safekeeping and error-wrap accounts contain a combination of state and nonstate funds. The Constitution does not mandate that either the Director or the Treasurer must hold the unidentified or commingled funds. However, the Director has been charged with the obligation to collect all taxes, whether the funds be state funds or nonstate funds. See Article IV, Section 22 of the Missouri Constitution and Section 136.010, RSMo 1986. The Director has the obligation to deliver all state funds to the Treasurer. The 1986 amendment to Article IV, Section 15 of the Constitution suggests that under some circumstances the Director will collect money and transmit it back to political subdivisions of the state. Because the Director has the obligation to deliver state and nonstate funds to the appropriate recipient and no one else has the obligation or authority to determine which funds are state funds and which funds are nonstate funds, it falls to the Director to determine to whom to deliver the funds.
In the normal case, the Director will be able to determine the proper recipient very promptly. But whether the determination takes five minutes (the time to open an envelope and read the contents) or five weeks (the time to query the taxpayer for more information), we can locate no provision of law that dictates what the Director should do with the money while working to identify the recipient.
Our office reviewed a similar question at length in Opinion No. 223, Owens, 1969, a copy of which is enclosed. Such opinion addressed the powers of the Director to hold and invest intangible tax revenues that would later be paid to local governments. We determined that the lawful custodian of public funds was an insurer who could take any action with the moneys not otherwise prohibited by law. Thus, it was lawful for the Director to deposit the funds for safekeeping and the funds so deposited could draw interest for the benefit of the eventual recipients.
Therefore, it is the opinion of this office that the Director of Revenue has the authority to select by competitive bid the depository bank for the remittances from retailers of sales taxes where that bank holds such remittances between the time of receipt by the Director and the time those receipts are first identified and distributed between the State Treasurer and the Director's non-State accounts.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 223, Owens, 1969